IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY; and LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and JAMES S. JORGENSEN, Administrator of the Funds,<br>Plaintiffs,<br>v.<br>ALL STAR ASPHALT, INC., an Illinois corporation,<br>Defendant. | Case No. 16 C 9781<br><br>Judge |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Amy N. Carollo, Katherine Mosenson, Kelly Carson, and G. Ryan Liska, for their Complaint against Defendant All Star Asphalt, Inc., an Illinois corporation, state:

## COUNT I

**(Failure To Submit Delinquent Employee Benefit Contributions as Revealed by an Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant All Star Asphalt, Inc. (hereinafter the "Company") is an Illinois corporation. Company does business within this District, and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c)

6.  The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to a collective bargaining agreement, which became effective June 1, 2013. ("Agreement"). (A copy of the Company's written confirmation of entering into the Agreement, and the Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust are attached hereto as Exhibit A.)

7.  The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Illinois Small Pavers Association ("ISPA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LDCMC") to act as an agent in the collection of contributions due to those funds.

8.  The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered

under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Company performed covered work during the audit period of January 1, 2014 through September 30, 2015, (a true and accurate copy of the audit is attached hereto as Exhibit B) which revealed that Company has

(a) failed to report and pay contributions in the amount of $6,374.28 owed to Plaintiff Laborers' Pension Fund for the audit period of January 1, 2014 through September 30, 2015, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay contributions in the amount of $6,152.67 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2014 through September 30, 2015, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay contributions in the amount of $2,387.80 owed to Plaintiff Laborers' District Council Retiree Health and Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2014 through September 30, 2015, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries

(d) failed to report and pay contributions in the amount of $308.25 owed to Laborers' Training Fund for the period of January 1, 2014 through September 30, 2015, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e) failed to report and pay contributions in the amount of $85.26 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of January 1, 2014 through September 30, 2015, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f) failed to report and pay contributions in the amount of $49.32 owed to Illinois Small Pavers Association Fund ("ISPA") for the audit of January 1, 2014 through September 30, 2015, thereby depriving the ISPA of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(g) failed to report and pay contributions in the amount of $43.16

5

owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit of January 1, 2014 through September 30, 2015, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

12. Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions.

13. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owes the Funds $1,972.20 in audit costs for the audit for the period of January 1, 2014 through September 30, 2015.

14. Company's actions in failing to submit payment upon an audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant All Star Asphalt, Inc.:

    a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of January 1, 2014 through September

30, 2015, including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues as Revealed by an Audit)

16. Plaintiffs reallege paragraphs 1 through 15 as though fully set forth herein.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period and Company failed to withhold and/or submit payment of $483.50 in union dues that were or should have been withheld from the wages of employees for the period of January 1, 2014 through September 30, 2015, thereby depriving the Union of information and income. See Exhibit B.

19. Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues. Accordingly, Company owes liquidated damages for the unpaid union dues revealed as due and owing on the audit as well as audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate. See Exhibit B-1.

20. Pursuant to the Agreement Company is liable to the Funds for any unpaid union dues

7

revealed by the audit as well as liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant All Star Asphalt, Inc.:

a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of January 1, 2014 through September 30, 2015, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

October 17, 2016                                     Laborers' Pension Fund, et al.

                                                     By: /s/ Jerrod Olszewski
                                                         Jerrod Olszewski

Jerrod Olszewski
Office of Fund Counsel
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO
101 BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-0389 • FAX: 630/655-8833

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **Allstar Asphalt Inc** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, together with any other Local Union that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** [...]
2. **Labor Contract.** [...]
3. **Dues Checkoff.** [...]
4. **Work Jurisdiction.** [...]
5. **Fringe Benefits.** [...]
6. **Wages and Industry Funds.** [...]
7. **Contract Enforcement.** [...]
8. **Successors.** [...]
9. **Termination.** This Agreement shall remain in full force and effect from June 1, 2001 (unless dated differently below) through May 31, 2006 [...]
10. **Execution.** [...]

Dated: 11/7/05 , 20 05

ACCEPTED:
Laborers' Local Union No. 118

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
Frank Riley, President & Secretary-Treas.

By: _____
James P. Connolly, Business Manager

For Office Use Only: ISPAK

Allstar Asphalt (Employer)
FEIN No.: [redacted]
By: _____ (Print Name and Title)
_____ (Signature)
163 Last Hill (Address)
_____ (City, State and Zip Code)
871 W. _____ (Telephone/Fax)

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER


EXHIBIT A

<u>ALLSTAR ASPHALT, INC.</u>
<u>165 W. HINTZ ROAD</u>
<u>WHEELING, IL 60090</u>

<u>EMPLOYER #34482</u>

<u>JANUARY 1, 2014 – SEPTEMBER 30, 2015</u>



EXHIBIT B



**BANSLEY AND KIENER, L.L.P.**
CERTIFIED PUBLIC ACCOUNTANTS

O'HARE PLAZA
8745 WEST HIGGINS ROAD
SUITE 200
CHICAGO, ILLINOIS 60631

TEL: (312) 263-2700
FAX: (312) 263-6935
WWW.BK-CPA.COM

May 10, 2016

Board of Trustees
Pension and Welfare Funds of Construction and General
  Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of Allstar Asphalt, Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period January 1, 2014 to September 30, 2015. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review. Any findings are not based upon observations of employees doing actual work.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.

The findings of this report should not be construed as an endorsement or ratification of any of the company's contribution practices. The finding is based solely on those documents that the employer provided to the auditors. This firm has not been retained to provide, and does not provide, any interpretation or advice concerning any terms of the collective bargaining agreement between the company and the Union or the terms of the Funds' respective Agreement and Declarations of Trust. All questions concerning the company's contribution practices, or any contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an exception to any of the employer's contribution practices should be construed as a ratification of such practice or waiver of the Union or the Funds' ability to challenge such practice in the future.

This report is not a determination of withdrawal liability owed under the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. Section 1101, et al.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

## Laborers' District Council
### Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31 2014 | 5-31 2015 | 5-31 2016 | Total Due |
|---|---|---|---|---|
| Hours Not Reported | 0.00 | 391.00 | 0.00 | 391.00 |
| Hours - Men Not Reported | 0.00 | 0.00 | 0.00 | 0.00 |
| Hours - Subcontractors | 0.00 | 0.00 | 225.50 | 225.50 |
| **Dollar Amount Due** | | | | |
| Welfare | 0.00 | 3,902.18 | 2,250.49 | 6,152.67 |
| Retiree Welfare Prefunding | N/A | 1,485.80 | 902.00 | 2,387.80 |
| Pension | 0.00 | 3,956.92 | 2,417.36 | 6,374.28 |
| Training | 0.00 | 195.50 | 112.75 | 308.25 |
| ISPA | 0.00 | 31.28 | 18.04 | 49.32 |
| LECET | 0.00 | 27.37 | 15.79 | 43.16 |
| LMCC | 0.00 | 46.92 | 38.34 | 85.26 |
| Working Dues | 0.00 | 483.50 | 0.00 | 483.50 |
| **Total** | 0.00 | 10,129.47 | 5,754.77 | 15,884.24 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | 0.00 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous penalties incurred to Laborers' District Council Funds | 0.00 |
| Audit Fee | 1,972.20 |
| Total amount due | 17,856.44 |

| | | | |
|---|---|---|---|
| Employer Name - | ALLSTAR ASPHALT, INC. | Person Contacted - | MARCY WALSH |
| Employer - | 34482 | Date of Contact - | OCTOBER 6, 2015 |
| Date of Audit - | OCTOBER 28, 2015 | Telephone - | 847-419-1200 |
| Audit Period - | JAN. 1, 2014 - SEP. 30, 2015 | Auditor - | RACHEL PATTERSON |

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours

| SS# | Name | Rate | Jun | Jul | Aug | 2014 Sep | Oct | Nov | Dec | Jan | Feb | 2015 Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ALVAREZ, RICARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.50 |
| | BANALES, MAURILIO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 78.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 78.00 |
| | BARAJAS, BRYAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61.00 |
| | HINES, JERRY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.50 |
| | MENDEZ, BERNARDINO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61.00 |
| | STOLZMAN, RICHARD | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 53.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 53.00 |
| | | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 391.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 391.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,902.18 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,902.18 |
| Retiree Welfare Prefunding | $3.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,485.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,485.80 |
| Pension | $10.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,956.82 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,956.82 |
| Training | $0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 195.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 195.50 |
| ISPA | $0.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31.28 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31.28 |
| LECET | $0.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 27.37 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 27.37 |
| LMCC | $0.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 46.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 46.92 |
| Working Dues | 3.25% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 483.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 483.50 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,129.47 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,129.47 |

Employer Name - ALLSTAR ASPHALT, INC.   Person Contacted - MARCY WALSH
Employer - 34482                         Date of Contact - OCTOBER 6, 2015
Date of Audit - OCTOBER 28, 2015         Telephone - 847-419-1200
Audit Period - JAN. 1, 2014 - SEP. 30, 2015   Auditor - RACHEL PATTERSON

# Laborers' District Council
### Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2014 | | | | | | | 2015 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | ALVAREZ, RICARDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,603.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,603.00 |
| | BANALES, MAURILIO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,983.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,983.00 |
| | BARAJAS, BRYAN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,318.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,318.00 |
| | HINES, JERRY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,841.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,841.00 |
| | MENDEZ, BERNARDINO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,318.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,318.00 |
| | STOLZMAN, RICHARD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,014.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,014.00 |
| | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14,877.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14,877.00 |

Rate - 3.25% of gross wages

| Dues | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 483.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 483.50 |

| | |
|---|---|
| Employer Name - | ALLSTAR ASPHALT, INC. |
| Employer - | 34482 |
| Date of Audit - | OCTOBER 28, 2015 |
| Audit Period - | JAN. 1, 2014 - SEP. 30, 2015 |
| Person Contacted - | MARCY WALSH |
| Date of Contact - | OCTOBER 6, 2015 |
| Telephone - | 847-419-1200 |
| Auditor - | RACHEL PATTERSON |

5

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - Subcontractors - DeMarr Sealcoating, Inc.

| SS# | Name | Rate | Jun | Jul | Aug | 2015 Sep | Oct | Nov | Dec | Jan | Feb | 2016 Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | AVILA, OMAR | | 0.00 | 5.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9.00 |
| | CALLEROS, N | | 0.00 | 13.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17.00 |
| | CONTRERAS, FRANCISCO | | 0.00 | 9.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9.00 |
| | CRUZ, ARMANDO | | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| | ESQUERRA, ANDRES | | 0.00 | 9.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.00 |
| | GUERRERO, JESUS | | 0.00 | 0.00 | 10.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.50 |
| | HERNANDEZ, RAMON | | 0.00 | 22.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22.00 |
| | MANARREZ, JORGE | | 0.00 | 9.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9.00 |
| | MIJARES, FELIPE | | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 |
| | ORTIZ, JOSE D | | 0.00 | 12.00 | 10.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22.50 |
| | ORTIZ, JOSE R | | 0.00 | 13.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.00 |
| | ORTIZ, JUAN M | | 0.00 | 17.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21.00 |
| | ORTIZ, ROMAN | | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| | ROY, MARK | | 0.00 | 22.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22.00 |
| | SOTO, ALEJANDRO | | 0.00 | 8.00 | 8.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.50 |
| | TREJO, ENRIQUE | | 0.00 | 9.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9.00 |
| | | Total | 0.00 | 180.00 | 45.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 225.50 |

| | Rate | Jul | Aug | Total |
|---|---|---|---|---|
| Welfare | $9.98 | 1,796.40 | 454.09 | 2,250.49 |
| Retiree Welfare Prefunding | $4.00 | 720.00 | 182.00 | 902.00 |
| Pension | $10.72 | 1,929.60 | 487.76 | 2,417.36 |
| Training | $0.50 | 90.00 | 22.75 | 112.75 |
| ISPA | $0.08 | 14.40 | 3.64 | 18.04 |
| LECET | $0.07 | 12.60 | 3.19 | 15.79 |
| LMCC | $0.17 | 30.60 | 7.74 | 38.34 |
| Total | | 4,593.60 | 1,161.17 | 5,754.77 |

Employer Name - ALLSTAR ASPHALT, INC.    Person Contacted - MARCY WALSH
Employer - 34482                          Date of Contact - OCTOBER 6, 2015
Date of Audit - OCTOBER 28, 2015          Telephone - 847-419-1200
Audit Period - JAN. 1, 2014 - SEP. 30, 2015   Auditor - RACHEL PATTERSON

6

LABORERS' PENSION & WELFARE FUNDS          7/21/16

AUDIT: 1-1-2014-9-30-2015

EMPLOYER: ALLSTAR ASPHALT INC    CODE: 34482

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | ISPA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6-1-2014-5-31-2015 | 391.00 | 3,902.18 | 9.98 | 1,485.80 | 3.80 | 3,956.92 | 10.12 | 195.50 | 0.50 | | 46.92 | 0.12 | 31.28 | 0.08 | 27.37 | 0.07 | 10,129.47 |
| 6-1-2015-9-30-2015 | 225.50 | 2,250.49 | 9.98 | 902.00 | 4.00 | 2,417.36 | 10.72 | 112.75 | 0.50 | | 38.34 | 0.17 | 18.04 | 0.08 | 15.79 | 0.07 | 5,754.77 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 616.50 | 6,152.67 | | 2,387.80 | | 6,374.28 | | 308.25 | | 483.50 | 85.26 | | 49.32 | | 43.16 | | 15,884.24 |
| 10% LIQUIDATED DAMAGES | | 1,230.53 | | 477.56 | | 1,274.86 | | 61.65 | | 48.35 | 8.53 | | 9.86 | | 4.32 | | 3,054.46 61.20 |
| 20% LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | |
| AUDIT COSTS | | 493.05 | | 493.05 | | 986.10 | | | | | | | | | | | 1,972.20 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | |
| ACCUM. INTEREST | | 809.57 | | 312.01 | | 832.19 | | 40.56 | | | 5.68 | | 11.54 | | 10.67 | | 2,022.22 |
| TOTAL DUE | | 8,685.82 | | 3,670.42 | | 9,467.43 | | 410.46 | | 531.85 | 99.47 | | 70.72 | | 58.15 | | 22,994.32 |


EXHIBIT B-1